UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ABRAHAM G. PINZON, et al., | Case No. 22-cv-02388-RMI |
| Plaintiffs, | |
| v. | **SCREENING ORDER** |
| MENDOCINO COUNTY SHERRIF'S OFFICE, et al., | |
| Defendants. | |

On April 18, 2022, Abraham G. Pinzon, a *pro se* litigant ("Plaintiff")—suing on behalf of himself, and purportedly Stanislaus Lodarski, the United States Department of Health and Human Services, and the Social Security Administration—filed a civil rights action under Title VI of the Civil Rights Act of 1964, against the Mendocino County Sherriff's Office and Department of Health and Human Services ("Defendants"), for corruption, discrimination, and adverse actions taken against him and Lodarski in their receipt of federal government aid, seeking money damages, lost wages, relocation costs, and a residential property. *See Pl.'s Compl*. (dkt. 1) at 6–11. Plaintiff requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (dkt. 3), which the court granted (dkt. 5) insofar as Plaintiff pursues claims for himself. After reviewing Plaintiff's complaint under 28 U.S.C. § 1915(e)(2), the court has identified several areas of deficiency. Plaintiff must file an amended complaint curing these deficiencies within thirty days from receipt of this order. Failure to do so will result in the action being recommended for dismissal.

//

**STANDARD OF REVIEW**

Federal courts must independently screen and dismiss *in forma pauperis* complaints failing to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The standard of review under § 1915(e)(2)(B)(ii) mirrors Federal Rule of Civil Procedure 12(b)(6), meaning the complaint "must contain a short and plain statement showing that the pleader is entitled to relief," including "sufficient factual matter, accepted as true, to 'state a claim . . . plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)); *see also Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

A *pro se* pleading is construed liberally, however inartistic. *Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Even so, a court need not accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001). If a *pro se* pleading is defective but curable through "the allegation of other facts," a district court will "grant leave to amend even if no request . . . was made." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**DISCUSSION**

The court has reviewed the Complaint and finds it difficult to discern because the facts alleged are sparse and disjointed. To the best of the court's understanding, Plaintiff claims, without further explanation, that Defendants or employees of Defendants: "intimidate[ed]" and "provoke[d]" Plaintiff (*Pl.'s Compl*. (dkt. 1) at 6); requested documents from Plaintiff to "harass," "stress," and "displace[]" minorities (*id*.); "deviate[d] from program protocols" to deprive Plaintiff of a federal "disbursement" (*id*.); discriminated against him in the administration of federal programs (*id*. at 7–8); unfairly policed Plaintiff and Lodarski, and in one instance arrested Lodarski (*id*. at 8); and ignored Pinzon's "repeated complaints regarding . . . fraud [and] exploitation at [Lodarski's] address" (*id*. at 9)—all in violation of Title VI.

There are several problems with Plaintiff's Complaint. First, Plaintiff is not permitted to sue on behalf of Stanislaus Lodarski as a "next friend" under FRCP 17(c) without this court's

2

prior appointment. *See Dacanay v. Mendoza*, 573 F.2d 1075, 1076 n.1 (9th Cir. 1978) (while FRCP 17(c) refers to both a "guardian ad litem" and a "next friend," there is no modern distinction between the terms); *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1053 (E.D. Cal. 2015) (stating the same); *Arrington v. City of Los Angeles*, No. CV1503759BRORAOX, 2016 WL 11518643, at *2 (C.D. Cal. Oct. 11, 2016) (under FRCP 17(c), the person to be represented must first be deemed "incompetent" by the court, after which a representative is "appointed for him"); *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986) (stating the same); *Swoopes ex rel. Swoopes v. Drs. Med. Ctr.*, No. C07-0101 PJH, 2007 WL 404811, at *3 (N.D. Cal. Feb. 2, 2007) (stating the same). This court never deemed Lodarski incompetent, nor did it appoint Plaintiff as Lodarski's "next friend." However, even if Plaintiff was appointed as such, a "next friend" may not appear pro se. *See, e.g., Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (holding that even a parent appointed as guardian ad litem to their children may not sue without retaining a lawyer). Moreover, although Plaintiff claims to sue on Lodarski's behalf, it appears that Plaintiff is suing on his own behalf, since each claim pertains directly to Plaintiff (*Pl.'s Compl*. (dkt. 1) at 6–9) and Plaintiff filed the IFP motion for himself (*see* dkt. 3). This is complicated by Plaintiff's assertion that he is also suing on behalf of two United States government agencies as a "real partie (sic) in interest" under FRCP 17(a), which is impermissible. *Id*. at 1, 2.

     Second, Plaintiff's appears to claim that he, and/or Lodarski, were targeted and arrested by the Mendocino County Sherriff's Office, which suggests that they may be subject to a pending criminal prosecution (*see Younger v. Harris*, 401 U.S. 37 (1971)), or to a completed criminal prosecution (*see Heck v. Humphrey*, 512 U.S. 477, 486 (1994); *Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)), either of which could be a jurisdictional bar to Plaintiff's Complaint. Third, none of Plaintiff's nine claims are stated properly under Title VI. *See Joseph v. Boise State Univ*., 998 F. Supp. 2d 928, 944 (D. Idaho 2014), *aff'd*, 667 F. App'x 241 (9th Cir. 2016) (citing *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir.1994)) ("To state a claim for damages under [Title VI], a plaintiff must alleges that (1) the entity involved is engaging in racial discrimination; and (2) the

3

entity involved is receiving federal financial assistance.").

Finally, the Complaint fails to make "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 ("Rule 8"). It is unclear how the claims are connected to Defendants, or how Plaintiff—or Lodarski and the United States agencies—were allegedly wronged. Therefore, the court will dismiss Plaintiff's Complaint with leave to amend under Rule 8 and 28 U.S.C. § 1915(e)(2)(ii). *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (affirming Rule 8 dismissal where complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action); *Morrison v. United States*, 270 F. App'x 514, 515 (9th Cir. 2008) (affirming Rule 8 dismissal of *pro se* complaint that "did not allege sufficient facts for any federal claim for relief"); *Perez v. Rancho Point Apartments Inc.*, No. 21-CV-1848-BAS-DEB, 2021 WL 5203303, at *3 (S.D. Cal. Nov. 9, 2021) (dismissing pro se complaint without prejudice under Rule 8 where plaintiff failed to explain "how the Complaint is connected to the listed Defendants, or how Plaintiff was allegedly wronged"); *Reed v. Newsome*, No. 3:20-CV-2439-AJB-MDD, 2021 WL 2633634, at *3 (S.D. Cal. June 25, 2021) (dismissing complaint under Rule 8 where plaintiff did not link individual defendants to his claims); *Perryman v. Warden*, No. 2:21-cv-00421-JDP (PC), 2021 WL 1210461, at *1 (E.D. Cal. Mar. 31, 2021) (dismissing complaint under Rule 8 where plaintiff identified Doe defendants but did not "specifically alleg[e] how either was involved" in violations of his rights).

## CONCLUSION

Accordingly, based on the court's screening, Plaintiff's Complaint is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for the issues discussed above. Plaintiff has thirty days from receipt of this order to cure all deficiencies discussed above and is expressly warned that failure to file an amended complaint will result in the undersigned recommending that this action be dismissed.

**IT IS SO ORDERED.**

Dated: May 2, 2022

ROBERT M. ILLMAN
United States Magistrate Judge

4